# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE

## NEIL LINCOLN MILLER v. HOWARD CARLTON, WARDEN

**Appeal from the Criminal Court for Johnson County**
No. 5301     Robert E. Cupp, Judge

---

**No. E2009-01300-CCA-R3-HC - FILED JUNE 17, 2010**

---

The Petitioner, Neil Lincoln Miller, appeals pro se the trial court's denial of habeas corpus relief from his conviction upon a guilty plea for second degree murder. The State has filed a motion requesting that this court affirm the trial court's summary dismissal pursuant to Rule 20 of the Rules of the Court of Criminal Appeals. We conclude the petition fails to state a cognizable claim for habeas corpus relief. The State's motion is granted, and the judgment of the trial court is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

JOSEPH M. TIPTON, P.J., delivered the opinion of the Court, in which JAMES CURWOOD WITT and NORMA MCGEE OGLE, JJ., joined.

Neil Lincoln Miller, appellant, pro se.

Robert E. Cooper, Attorney General and Reporter; Clarence E. Lutz, Assistant Attorney General, for the appellee, State of Tennessee.

## MEMORANDUM OPINION

This is the Petitioner's second petition for habeas corpus relief. This court affirmed the trial court's denial of the Petitioner's first petition for habeas corpus relief. Neil Lincoln Miller v. Howard Carlton, Warden, No. E2006-02348-CCA-R3-HC, Johnson County (Tenn. Crim. App. Aug. 30, 2007).

Pursuant to a plea agreement, the Petitioner pled guilty to second degree murder and was sentenced as a Range I, violent offender to twenty-five years in the Department of Correction. In his second petition for habeas corpus relief, the Petitioner alleged that his

sentence was void because (1) the trial court sentenced him above the presumptive minimum sentence for a Class A felony, (2) the trial court fixed release eligibility at eighty-five percent in contravention of Tennessee Code Annotated section 40-35-501(i)(1), and (3) the plea agreement was obtained through the State's misrepresentations. The Petitioner moved to amend his petition to include claims that his sentence was void because the plea agreement was obtained by an unfulfilled promise that the Petitioner would be incarcerated in Middle Tennessee and because a presentence report had not been filed. In its order denying relief, the trial court concluded that the sentencing claim was without merit, that the issue of release eligibility had been addressed in the Petitioner's first habeas corpus appeal, and that no evidence of misrepresentation had been presented.

On appeal, the Petitioner contends that the trial court's order denying habeas corpus relief was not a final judgment because the trial court failed to rule upon and dispose of all his claims. In addition, the Petitioner contends that his sentence is void because the plea agreement was obtained by an unfulfilled promise that he would be incarcerated in Middle Tennessee and because a presentence report had not been filed.

In Tennessee, the grounds upon which habeas corpus relief may be granted are very narrow. Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). The writ will issue only when the petitioner has established lack of jurisdiction for the order of confinement or that he is otherwise entitled to immediate release because of the expiration of his sentence. See Ussery v. Avery, 432 S.W.2d 656 (1968); State ex rel. Wade v. Norvell, 443 S.W.2d 839 (1969). The purpose of the habeas corpus petition is to contest a void, not merely a voidable, judgment. State ex rel. Newsom v. Henderson, 424 S.W.2d 186, 189 (1969). A void, as opposed to a voidable, judgment is "one that is facially invalid because the court did not have the statutory authority to render such judgment." Summers v. State, 212 S.W.3d 251, 256 (Tenn. 2007). A petitioner bears the burden of establishing a void judgment or illegal confinement by a preponderance of the evidence. See Wyatt v. State, 24 S.W.3d 319, 322 (Tenn. 2000). A court may summarily dismiss a petition for habeas corpus relief, without the appointment of counsel and without an evidentiary hearing, if the petition does not state a cognizable claim. See Hickman v. State, 153 S.W.3d 16, 20 (Tenn. 2004).

Initially, we note that the dismissal of the habeas corpus petition was a final judgment. See T.R.A.P. 3(b). Next, the Petitioner has failed to state a cognizable claim for habeas corpus relief. The Petitioner's sentence was within the range specified for the offense to which he pled guilty, and the sentence was part of a plea agreement that the Petitioner accepted. See T.C.A. § 40-35-111(b)(1). The Petitioner's remaining issues, even if proven, would render his judgments voidable and not void. See Summers, 212 S.W.3d at 255-256 (stating that a "voidable judgment is one that is facially valid and requires proof beyond the face of the record or judgment to establish its invalidity"). Claims of nonconformity of the

2

judgment with the plea agreement would render the judgment voidable, not void. See Douglas L. Brown v. State, No. E2004-02496-CCA-R3-HC, Bledsoe County, slip op. at 3 (Tenn. Crim. App. May 13, 2005). Whether the trial court followed the proper statutory procedure in conducting the sentencing hearing, including whether it used a presentence report, is not an issue that would render the judgment void. See Jacques B. Bennett v. Virginia Lewis, Warden, No. E2006-01592-CCA-R3-HC, slip op. at 3 (Tenn. Crim. App. Feb. 8, 2007), app. denied (Tenn. June 18, 2007). The trial court did not err in denying a writ of habeas corpus.

The State's motion is granted. The opinion provides no precedential value, the proceeding occurred before the trial court without a jury, the action was not a determination of guilt, the evidence does not preponderate against the trial court's findings, and no error of law is apparent on the record. See Tenn. Ct. Crim. App. R. 20(1)(a), (2). The judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____
JOSEPH M. TIPTON , PRESIDING JUDGE